IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHEMEKIE SHUNTAE HANDS,
on behalf of J.M.B.
        Plaintiff,

v.                                  No:  5:08cv174/RS/MD
MICHAEL J. ASTRUE,
Commissioner of Social Security,
        Defendant.

_____

## ORDER

Before the court is defendant Commissioner's motion to dismiss with memorandum in support (doc. 9), filed on July 18, 2008.  Plaintiff did not respond to the motion within fourteen (14) days as required by N.D. Fla. Loc. R. 7.1(C).

This is an appeal brought pursuant to 42 U.S.C. § 405(g) from a final administrative determination by the Commissioner of Social Security denying disability benefits.  Appeals from adverse determinations must be brought within 60 days after the Commissioner mails the notice of his decision.  42 U.S.C. § 405(g).  The decision appealed from became final with the issuance of a letter and decision notifying plaintiff of its unfavorable action on plaintiff's request for review, and of plaintiff's right to commence a civil action within 60 days.  That letter was the notice of decision for purposes of the statute.

The Commissioner now claims that the plaintiff was untimely in filing this action.  He says, and the court records confirm, that this action was filed on May 29, 2008.  The complaint alleges affirmatively that the Notice of Appeals Council action

was *received by plaintiff* on February 28, 2008.  Thus, the complaint was untimely if filed after April 28, 2008.

### Title 42 U.S.C. § 405(g) provides in part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Title 20 C.F.R. § 422.210(c) provides:

(c) Time for instituting civil action.  Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

It appears on the face of the complaint that this appeal is untimely.  However, since the regulations provide that an extension may be granted by the Appeals Council, and since the complaint is silent on whether an extension was requested, the court must consider matters outside the record, in this case the Declaration of Patrick Herbst, attached to defendant's memorandum (doc. 9-2), together with any materials filed by plaintiff in response to this order.[1]

Accordingly it is ORDERED, that defendant's motion to dismiss (doc. 9), will be treated as a Rule 56 motion for summary judgment.  If plaintiff has material to

---

[1]  Rule 12(d) requires that if matters outside the pleadings are to be considered, the motion must be treated as a motion for summary judgment pursuant to Rule 56.

present that is pertinent to the issue, he must file it no later than ten (10) days from the docketing of this order.  On August 22, 2008 the court will take the motion under advisement.

Done and Ordered at Pensacola, Florida this 11th day of August, 2008.


/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:08cv174/RS/MD*